MORRIS COLTON, PLAINTIFF-RESPONDENT, v. SAMUEL GROSS, DEFENDANT-APPELLANT.

Submitted November 6, 1924—Decided February 9, 1925.

**Contracts—Assumpsit—Moneys in Defendant's Hands for a Specific Purpose—Failure to so Use Them and Failure to Return Them Amounts to Tortious Conversion, Which Plaintiff Can Waive and Sue in Assumpsit.**

On appeal from the Circuit Court.

Before Justices, TRENCHARD, MINTURN and LLOYD.

For the appellant, *Silberman & Grosman.*

For the respondent, *Benjamin M. Weinberg.*

PER CURIAM.

This is an appeal by the defendant below from a judgment in favor of the plaintiff below in the Essex Circuit Court. The action was to recover a sum of money in the hands of the defendant due the plaintiff from commissions on the sale of overcoats. The complaint is in three counts:

1. For money had and received to the use of the plaintiff.

2. For sum due on an agreed balance.

3. For various sums of money received by defendant for the sole use and benefit of plaintiff.

The answer is a general denial, to which in the progress of the trial was added, by permission of the court, an amendment permitting the defendant to set up a partnership between the parties and counter-claim a loss sustained therein.

While the grounds of appeal are four in number, they resolve themselves into the single proposition that there was a variance between the complaint filed and the proofs, and that the evidence produced did not sustain the pleadings.

Early in the trial a paper-writing was offered in evidence by the plaintiff, reading as follows:

"NEWARK, N. J., 12/12/1919.

This is to certify that, as per instructions from S. Gross, Morris Colton is credited with an investment of $1,653.08, as part payment on twenty shares of capital stock of new corporation about to be formed under the laws of New Jersey, to be known as the United Salvage and General Merchandise Co.

WM. KELLEY, JR."

This paper was proven to have been authorized by the defendant, and the defendant acknowledged that there was due the plaintiff at that time the sum named therein. The defenses that developed in the case were the alleged variance between the *allegata* and the *probata,* and the amended defense of a right to set-off a loss in the alleged partnership.

The proofs clearly established that the defendant never organized the corporation; never invested the money in the stock of any corporation, but refused, on the plaintiff's repeated demand, to return the money thus left in his hands.

At the conclusion of plaintiff's case defendant's counsel moved for a nonsuit in these words:

"I move for a nonsuit on the ground that the plaintiff, under the proof in this case, and under the pleadings filed in the case, has not made out any case at all."

While the ground of this motion was most general and of doubtful sufficiency to present the legal question here sought to be raised, assuming its legal sufficiency we find no merit in

the appellant's contention. The defendant had received from the plaintiff the sum named to invest in stock of a corporation. This he failed to do in a reasonable time. In this situation the plaintiff was entitled, after demand for and refusal of a return of the money, to sue in *assumpsit* for moneys held in his use. The moneys were in the hands of the defendant for a specific purpose. When he failed to so use them, and upon demand refused their return to the plaintiff, it became the equivalent of a tortious conversion to his own use. The plaintiff could waive the wrong and sue in *assumpsit*. *Hanrahan* v. *National Building and Loan Asso.*, 67 *N. J. L.* 526. In the early case of *Mott* v. *Pettit*, 1 *Id.* 344, the plaintiff was permitted to recover in an action of *indebitatus assumpsit* for money had and received on proof that the defendant, the clerk of court, had converted to his own use moneys left with him by the plaintiff. In the present case it was plainly the duty of the defendant to invest the plaintiff's moneys in the corporation to be formed; failing in this, to return them to the plaintiff on demand. Having done neither, we think he became liable to an action in *assumpsit*.

The judgment is affirmed.